DIXON, Judge.
Plaintiffs seek a judgment recognizing them as owners of one-third of $8000.00 deposited in the registry of the court in another suit. They appealed from an adverse judgment. Appellee is Lawrence T. Beck, widower of Sybil Loewenberg.
When the Murphy Oil Corporation deposited the $8000.00 in the registry of the court in 1954 it sought a judgment for specific performance against Lawrence T. Beck and Sybil Loewenberg Beck, owners of a certain tract of land in Caddo Parish, basing its suit on an alleged contract to enter into an oil and gas lease. The funds deposited represented lease bonus money at $50.00 per acre for 160 acres. This suit was dismissed with prejudice on June 7, 1954, but the funds were never withdrawn.
Sybil Loewenberg Beck died July 7, 1954. Her husband, Lawrence T. Beck, was named in her New York will as principal legatee. Mrs. Beck’s mother (Minnie S. Loewenberg) survived her, and was subsequently recognized as owner of one-third of the Caddo Parish real property. Plaintiffs here are the heirs of Minnie S. Loew-enberg.
Plaintiffs claim ownership of the funds deposited, contending that the fund is an *154 interest arising out of an oil and gas lease and therefore an incorporeal immovable.
What plaintiffs claim here is not an interest in a lease, nor even an interest in a lawsuit. What they claim is ownership of one-third of $8000.00 which has been deposited in the registry of the court. The suit in which the $8000.00 was deposited had been dismissed with prejudice one month prior to the death of Mrs. Beck. The Murphy Oil Corporation has filed a disclaimer to the funds which it deposited for the benefit of Lawrence T. Beck and Sybil L. Beck.
In order for the plaintiffs to prevail, it is necessary for the court to hold that the fund of money is immovable and subject to the succession laws of Louisiana. The authorities relied on by plaintiffs do not support this contention.
Plaintiffs rely on R.S. 9:1105, Code of Civil Procedure Article 3664, and the Succession of Simms, La.App., 175 So.2d 113, affirmed in 250 La. 177, 195 So.2d 114 (1965).
R.S. 9:1105 provides in part:
“Oil, gas, and other mineral leases, and contracts applying to and affecting these leases or the right to reduce oil, gas, or other minerals to possession, together with the rights, privileges, and obligations resulting therefrom, are classified as real rights and incorporeal immovable property. * * *”
Article 3664 of the Code of Civil Procedure provides in part:
“A mineral lessee or sublessee, owner of a mineral interest in immovable property, owner of a mineral royalty, or of any right under or obligation resulting from a contract to reduce oil, gas, and other minerals to possession, is the owner of a real right. * * *”
It is to be noted that, although these statutory provisions provide that rights resulting from mineral contracts are immovable, they do not provide that money resulting from mineral contracts is an immovable.
In the case before us, it is money which the plaintiffs claim to own. The judgment they seek is a judgment ordering the clerk to pay them money. Money is not an immovable. It is movable (Civil Code Articles 473 and 475) and therefore subject to the dispositions contained in the New York will of Mrs. Beck.
The judgment of the district court is affirmed, at the cost of appellants.